EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GWICH'IN STEERING COMMITTEE,
ALASKA WILDERNESS LEAGUE,
DEFENDERS OF WILDLIFE, and THE
WILDERNESS SOCIETY,

*Plaintiff*,

v.

U.S. DEPARTMENT OF THE INTERIOR,
U.S. BUREAU OF LAND MANAGEMENT,
and U.S. FISH AND WILDLIFE SERVICE,

*Defendants*.

Civ. A. No. 19-2978 (CJN)

## ANSWER TO COMPLAINT

Defendants U.S. Department of the Interior ("DOI"), U.S. Bureau of Land Management ("BLM"), and U.S. Fish and Wildlife Service ("FWS"), by and through undersigned counsel, hereby answer Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The information that Defendants have withheld, or will withhold, in response to the Freedom of Information Act ("FOIA") request is, or will be, exempt from disclosure under the FOIA, 5 U.S.C. § 552.

**Third Defense**

The Complaint violates Federal Rule of Civil Procedure ("Rule") 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

**Defendants' Responses to the Numbered Paragraphs**

Defendants deny each and every allegation contained in the Complaint not expressly admitted in this Answer. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.

In response to the specifically enumerated paragraphs as set forth in the Complaint, Defendants admit, deny, and otherwise aver as follows:

**I.     NATURE OF THE CASE**

1.     Paragraph 1 contains Plaintiffs' characterization of this action to which no response is required.

2.–3.   Paragraphs 2 to 3 contain Plaintiffs' characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

4.     Defendants admit that Plaintiffs submitted nine FOIA requests to Defendants between December 21, 2018, and March 8, 2019, for various categories of records relating to the implementation of an oil and gas leasing program on the Coastal Plain of the Arctic National Wildlife Refuge ("Coastal Plain"). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

5.     Denied.  The Office of the Secretary ("OS FOIA") issued a final response to FOIA request No. OS-2019-00520 on October 15, 2019.  In addition, the U.S. Fish and Wildlife Service ("FWS") has been making rolling releases responsive to Plaintiff's FOIA request No. FWS-2019-00782 since July 31, 2019.

6.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.     Paragraph 7 consists of conclusions of law and general characterizations about the processing of records under the FOIA to which no response is required.  To the extent a response is required, Defendants admit that the processing of a properly submitted FOIA request by an Agency will typically involve a search and review of any responsive records prior to releasing them to a requester.

8.     Paragraph 8 contains a conclusion of law to which no response is required.

9.     Paragraph 9 contains a conclusion of law to which no response is required.

10.     Paragraph 10 contains conclusions of law to which no response is required.

11.     Paragraph 11 contains a conclusion of law to which no response is required.  As to any remaining allegations, they are denied to the extent that Defendants have already begun to release records to Plaintiffs.  Defendants admit that they have not yet released all responsive records as of the filing of this Answer.

12.     Paragraph 12 contains a conclusion of law to which no response is required.

13.     Paragraph 13 contains conclusions of law to which no response is required.

14.     Paragraph 14 sets forth Plaintiffs' requests for relief in this action.  To the extent a response may be deemed required, Defendants deny that Plaintiffs are entitled to the requested relief.

## II.     JURISDICTION AND VENUE

15.     Paragraph 15 contains conclusions of law concerning jurisdiction to which no response is required.

16.     Paragraph 16 contains conclusions of law concerning venue to which no response is required.

17.     Paragraph 17 contains conclusions of law to which no response is required.

## III.    PARTIES

### Plaintiffs

18.–26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs in Paragraphs 18 to 26.

### Defendants

27.     Admitted.

28.     Admitted.

29.     Admitted.

## IV.    LEGAL BACKGROUND

30.–39.     Paragraphs 30 to 39 contain Plaintiffs' conclusions of law and characterization of the statutory framework of FOIA and the Administrative Procedure Act ("APA") to which no response is required.

## V.     STATEMENT OF FACTS

### History of the Coastal Plain of the Arctic Refuge

40.-48.     Paragraphs 40 to 48 contain Plaintiffs' characterization of alleged background information.  These are not allegations of fact pertinent to this FOIA action to which a response is required.  The allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

49.     Paragraph 49 consists of Plaintiffs' characterization of one of its FOIA requests. The requests speak for themselves and are the best evidence of their contents.  To the extent a response is required, Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

### Background on Coastal Plain Oil and Gas Leasing Program

50.     Paragraph 50 contains Plaintiffs' characterization of Pub. L. 115-97, to which no response is required.  Pub. L. 115-97 speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendants respectfully refer the Court to the request for a full and accurate statement of its contents.

51.     Paragraph 51 consists of Plaintiffs' characterization of their FOIA requests to which no response is required.  The requests speak for themselves and are the best evidence of their contents.  To the extent a response is required, Defendants respectfully refer the Court to the requests for a full and accurate statement of their contents.

52.     Paragraph 52 consists of Plaintiffs' characterization of three of their FOIA requests to which no response is required.  The requests speak for themselves and are the best evidence of their contents.  To the extent a response is required, Defendants respectfully refer the Court to the requests for a full and accurate statement of their contents.

53.–56.     Paragraphs 53 through 56 contain Plaintiffs' characterization of alleged background information.  These are not allegations of fact pertinent to this FOIA action to which a response is required.  The allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58.     Admitted.

59.     Paragraph 59 consists of Plaintiffs' characterization of five of their FOIA requests to which no response is required.  The requests speak for themselves and are the best evidence of their contents.  To the extent a response is required, Defendants respectfully refer the Court to the requests for a full and accurate statement of their contents.

60.     Paragraph 60 contains Plaintiffs' characterization of alleged background information to which no response is required.  These are not allegations of fact pertinent to this FOIA action to which a response is required.  The allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

61.     Paragraph 61 contains Plaintiffs' characterization of alleged background information to which no response is required.  These are not allegations of fact pertinent to this FOIA action to which a response is required.  The allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

62.     Paragraph 62 consists of Plaintiffs' characterization of two of their FOIA requests to which no response is required.  The requests speak for themselves and are the best evidence of their contents.  To the extent a response is required, Defendants respectfully refer the Court to the requests for a full and accurate statement of their contents.

63.     Paragraph 63 contains Plaintiffs' characterization of alleged background information to which no response is required.  These are not allegations of fact pertinent to this FOIA action to which a response is required.  The allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

64.     Paragraph 64 consists of Plaintiffs' characterization of two of their FOIA requests to which no response is required.  The requests speak for themselves and are the best evidence of

their contents.  To the extent a response is required, Defendants respectfully refer the Court to the requests for a full and accurate statement of their contents.

65.–67.      Paragraphs 65 to 67 contain Plaintiffs' characterization of alleged background information to which no response is required.  These are not allegations of fact pertinent to this FOIA action to which a response is required.  The allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

68.      Paragraph 68 consists of Plaintiffs' characterization of one of its FOIA requests to which no response is required.  The request speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendants respectfully refer the Court to the request for a full and accurate statement of its contents.

69.–72.      Paragraphs 69 to 72 contain Plaintiffs' characterization of alleged background information to which no response is required.  These are not allegations of fact pertinent to this FOIA action to which a response is required.  The allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

**Plaintiffs' FOIA Requests**

**A.      December 21, 2018, DOI Request – OS-2019-00314**

73.      Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

74.      Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

75.      Admitted, but Defendants respectfully refer the Court to the acknowledgement letter for a full and accurate statement of its contents.

76.      Defendants admit that referenced DOI website reflects this information as of the filing of this Answer.

77.     Defendants admit that Plaintiffs sent the follow-up letters.  Defendants respectfully refer the Court to Plaintiffs' follow-up letters for a full and accurate statement of their contents.

78.     Admitted, but Defendants respectfully refer the Court to the follow-up letters for a full and accurate statement of their contents.

79.     Denied.  DOI responded to Plaintiffs' follow-up letters by email on April 1, 2019, and June 18, 2019.  Defendants respectfully refer the Court to the response emails for a full and accurate statement of their contents.

80.     Paragraph 80 contains Plaintiffs' characterization of its final demand letter to which no response is required.  The letter speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

81.     Admitted, as of the filing of this Answer.

82.     Admitted, as of the filing of this Answer.

83.     Admitted.

**B.      December 21, 2018, BLM Request – BLM-2019-00324**

84.     Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

85.     Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

86.     Admitted, but Defendants respectfully refer the Court to the acknowledgement letter for a full and accurate statement of its contents.

87.     Admitted, but Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

88.     Admitted.

89.     Defendants admit that Plaintiffs sent the follow-up letters.  Defendants respectfully refer the Court to Plaintiffs' follow-up letters for a full and accurate statement of their contents.

90.     Admitted, but Defendants respectfully refer the Court to the follow-up letters for a full and accurate statement of their contents.

91.     Admitted.

92.     Admitted, but Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

93.     Paragraph 93 contains Plaintiffs' characterization of its final demand letter to which no response is required.  The letter speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

94.     Admitted, as of the filing of the Complaint.

95.     Admitted, but Defendants respectfully refer the Court to the email for a full and accurate statement of its contents

96.     Admitted, as of the filing of the Complaint.  Defendants further respond that on October 15, 2019, Defendant BLM notified Plaintiffs via email that all non-exempt, responsive records for BLM-2019-00324 had been processed and were available to pick up.

97.     Admitted, as of the filing of the Complaint.  Defendants further respond that on October 15, 2019, Defendant BLM notified Plaintiffs via email that all non-exempt, responsive records for BLM-2019-00324 had been processed and were available to pick up.

98.     Admitted.

### C.   January 23, 2019, DOI Request – OS-2019-00378

99.     Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

100.    Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

101.    Admitted, but Defendants respectfully refer the Court to the acknowledgement letter for a full and accurate statement of its contents.

102.    Denied.  As of the filing of this Answer, the website states that the due date for determination is February 21, 2019, and the estimated processing completion date is April 18, 2019.

103.    Defendants admit that Plaintiffs sent the follow-up letters.  Defendants respectfully refer the Court to Plaintiffs' follow-up letters for a full and accurate statement of their contents.

104.    Admitted, but Defendants respectfully refer the Court to the follow-up letters for a full and accurate statement of their contents.

105.    Defendants admit that DOI sent an email to Plaintiffs on May 9, 2019. Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.  Defendants deny that Cindy Sweeney is DOI's FOIA Officer.

106.    Denied.  Defendant DOI sent Plaintiffs an email on July 5, 2019, in response to Plaintiffs' July 1, 2019, fourth follow-up letter.  Defendants respectfully refers the Court to the July 5, 2019, email for a full and accurate statement of its contents.

107.    Paragraph 107 contains Plaintiffs' characterization of its final demand letter to which no response is required.  The letter speaks for itself and is the best evidence of its contents.

To the extent a response is required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

108.    Admitted, as of the filing of this Answer.

109.    Admitted, as of the filing of this Answer.

110.    Admitted.

**D.     February 20, 2019, BLM Request – BLM-2019-00383**

111.    Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

112.    Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

113.    Admitted, but Defendants respectfully refer the Court to the acknowledgement letter for a full and accurate statement of its contents.

114.    Admitted.

115.    Defendants admit that Plaintiffs sent the follow-up letters.  Defendants respectfully refer the Court to Plaintiffs' follow-up letters for a full and accurate statement of their contents.

116.    Admitted, but Defendants respectfully refer the Court to the follow-up letters for a full and accurate statement of their contents.

117.    Admitted, but Defendants respectfully refer the Court to the follow-up letters for a full and accurate statement of their contents.

118.    Admitted.

119.    Paragraph 119 contains Plaintiffs' characterization of its final demand letter to which no response is required.  The letter speaks for itself and is the best evidence of its contents.

To the extent a response is required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

120.     Admitted, as of the filing of this Answer.

121.     Admitted, but Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

122.     Admitted, but Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

123.     Admitted, as of the filing of this Answer.

124.     Admitted.

**E.     February 25, 2019, DOI Request – OS-2019-00520**

125.     Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

126.     Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

127.     Admitted, but Defendants respectfully refer the Court to the acknowledgement letter for a full and accurate statement of its contents.

128.     Defendants admit that referenced DOI website reflects this information as of the filing of this Answer.

129.     Defendants admit that Plaintiffs sent the follow-up letters.  Defendants respectfully refer the Court to Plaintiffs' follow-up letters for a full and accurate statement of their contents.

130.     Admitted, but Defendants respectfully refer the Court to the follow-up letters for a full and accurate statement of their contents.

131.    Defendants admit that DOI sent an email to Plaintiffs on May 10, 2019.
Defendants respectfully refer the Court to the email for a full and accurate statement of its
contents.  Defendants deny that Cindy Sweeney is DOI's FOIA Officer.

132.    Defendants admit that DOI sent an email to Plaintiffs on June 11, 2019.
Defendants respectfully refer the Court to the email for a full and accurate statement of its
contents.  Defendants deny that Cindy Sweeney is DOI's FOIA Officer.

133.    Denied.  Defendant DOI sent an email to Plaintiffs on October 15, 2019,
containing a final response letter and all non-exempt records responsive to OS-2019-00520.

134.    Paragraph 134 contains Plaintiffs' characterization of a final demand letter they
sent to DOI, to which no response is required. The letter speaks for itself and is the best evidence
of its contents.  Defendant respectfully refers the Court to the letter for a full and accurate
statement of its contents.

135.    Admitted, as of the filing of the Complaint.  Defendants further respond that on
October 15, 2019, DOI sent an email to Plaintiffs containing a final response letter and all non-
exempt records responsive to OS-2019-00520.

136.    Admitted, as of the filing of the Complaint.  Defendants further respond that on
October 15, 2019, DOI sent an email to Plaintiffs containing a final response letter and all non-
exempt records responsive to OS-2019-00520.

137.    Admitted.

**F.      February 25, 2019, BLM Request – BLM-2019-00963**

138.    Admitted, but Defendants respectfully refer the Court to the subject FOIA request
for a full and accurate statement of its contents.

139.    Admitted, but Defendants respectfully refer the Court to the subject FOIA request
for a full and accurate statement of its contents.

140.    Admitted, but Defendants respectfully refer the Court to the acknowledgement letter for a full and accurate statement of its contents.

141.    Admitted.

142.    Defendants admit that Plaintiffs sent the follow-up letters.  Defendants respectfully refer the Court to Plaintiffs' follow-up letters for a full and accurate statement of their contents.

143.    Admitted, but Defendants respectfully refer the Court to the follow-up letters for a full and accurate statement of their contents.

144.    Admitted, but Defendants respectfully refer the Court to the follow-up letters for a full and accurate statement of their contents.

145.    Admitted.

146.    Admitted.

147.    Paragraph 147 contains Plaintiffs' characterization of its final demand letter to which no response is required.  The letter speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

148.    Admitted, as of the filing of this Answer.

149.    Admitted, but Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

150.    Admitted, as of the filing of this Answer.

151.    Admitted, as of the filing of this Answer.

152.    Admitted.

### G.  March 8, 2019, DOI Request – OS-2019-00565

153.  Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

154.  Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

155.  Defendants admit that DOI sent an acknowledgement letter to Plaintiffs on March 12, 2019.  Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.  Defendants deny Glory Baldwin is DOI's FOIA Officer.

156.  Defendants admit that referenced DOI website reflects this information as of the filing of this Answer.

157.  Defendants admit that Plaintiffs sent the follow-up letters.  Defendants respectfully refer the Court to Plaintiffs' follow-up letters for a full and accurate statement of their contents.

158.  Admitted, but Defendants respectfully refer the Court to the follow-up letters for a full and accurate statement of their contents.

159.  Defendants admit that DOI confirmed Plaintiffs' April 22 and June 24 follow-up letters via email.  Defendants aver that DOI also confirmed via email Plaintiffs' May 22 follow-up letter.  Defendants respectfully refer the Court to the emails for a full and accurate statement of their contents.  Defendants deny that Cindy Sweeney is DOI's FOIA Officer.

160.  Paragraph 160 contains Plaintiffs' characterization of its final demand letter to which no response is required.  The letter speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

161.  Admitted, as of the filing of this Answer.

162.     Admitted, as of the filing of this Answer.

163.     Admitted.

**H.      March 8, 2019, BLM Request – BLM-2019-00483**

164.     Admitted, but Defendants respectfully refer the Court to the subject FOIA request

for a full and accurate statement of its contents.

165.     Admitted, but Defendants respectfully refer the Court to the subject FOIA request

for a full and accurate statement of its contents.

166.     Admitted, but Defendants respectfully refer the Court to the acknowledgement

letter for a full and accurate statement of its contents.

167.     Admitted.

168.     Defendants admit that Plaintiffs sent the follow-up letters.  Defendants

respectfully refer the Court to Plaintiffs' follow-up letters for a full and accurate statement of

their contents.

169.     Admitted, but Defendants respectfully refer the Court to the follow-up letters for a

full and accurate statement of their contents.

170.     Admitted, but Defendants respectfully refer the Court to the follow-up letters for a

full and accurate statement of their contents.

171.     Admitted, as of the filing of this Answer.

172.     Admitted.

173.     Paragraph 173 contains Plaintiffs' characterization of its final demand letter to

which no response is required.  The letter speaks for itself and is the best evidence of its contents.

To the extent a response is required, Defendants respectfully refer the Court to the letter for a full

and accurate statement of its contents.

174.     Admitted, as of the filing of this Answer.

175.    Admitted, but Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

176.    Admitted, but Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

177.    Admitted, as of the filing of this Answer.

178.    Admitted.

**I.      March 8, 2019, FWS Request – FWS-2019-00782**

179.    Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

180.    Admitted, but Defendants respectfully refer the Court to the subject FOIA request for a full and accurate statement of its contents.

181.    Admitted, but Defendants respectfully refer the Court to the acknowledgement letter for a full and accurate statement of its contents.

182.    Defendants admit that Plaintiffs sent the follow-up letters.  Defendants respectfully refer the Court to Plaintiffs' follow-up letters for a full and accurate statement of their contents.

183.    Paragraph 183 contains Plaintiffs' characterization of its final demand letter to which no response is required.  The letter speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

184.    Defendants admit that FWS sent an email to Plaintiffs' Counsel on July 29, 2019.  The remainder of paragraph 184 contains Plaintiffs' characterization of that email to which no response is required.  The email speaks for itself and is the best evidence of its contents.  To the

extent a response is required, Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

185.    Defendants admit the first allegation that as of the filing of this Answer FWS has not provided an estimated completion date.  Defendants deny the allegation that as of this filing FWS has not provided any records responsive to this FOIA request.

186.    Admitted.

## ALLEGATIONS PERTAINING TO ALL REQUESTS

187.    Denied.

188.    Paragraph 188 contains conclusions of law to which no response is required.

189.    Paragraph 188 contains conclusions of law to which no response is required.  To the extent a response is required, denied.

190.    Paragraph 190 contains conclusions of law to which no response is required.

191.    Admitted.

192.    Admitted, as to any factual allegations.

193.    Paragraph 193 contains conclusions of law to which no response is required.  To the extent a response is required, admitted.

194.    Denied.

195.    Denied.  As of the filing of this Answer, Defendants have made final determinations and issued final responses for two out of the nine requests at issue.  Final determinations have not yet been made for any of the remaining seven requests.

196.    Admitted.

197.    Denied.

198.    Denied.

199.    Denied.

200.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

201.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## CLAIMS FOR RELIEF

## FIRST CLAIM

202.     Defendants repeat and incorporate by reference their responses to the above paragraphs as if fully stated herein.

203.     Paragraph 203 sets forth a legal conclusion to which no response is required.

204.     Paragraph 204 sets forth a legal conclusion to which no response is required.

205.     Denied.

206.     Paragraph 206 sets forth a legal conclusion to which no response is required.

## SECOND CLAIM

207.     Defendants repeat and incorporate by reference their responses to the above paragraphs as if fully stated herein.

208.     Paragraph 208 sets forth a legal conclusion to which no response is required.

209.     Paragraph 209 sets forth a legal conclusion to which no response is required.

210.     Denied.

211.     Denied.

212.     Paragraph 212 sets forth a legal conclusion to which no response is required.

## THIRD CLAIM

213.     Defendants repeat and incorporate by reference their responses to the above paragraphs as if fully stated herein.

214.     Paragraph 214 sets forth a legal conclusion to which no response is required.

215.    Paragraph 215 sets forth a legal conclusion to which no response is required.

216.    Denied.

217.    Paragraph 217 sets forth a legal conclusion to which no response is required.

## FOURTH CLAIM

218.    Defendants repeat and incorporate by reference their responses to the above paragraphs as if fully stated herein.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Paragraph 229 sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

230.    Paragraph 230 sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

231.    Paragraph 231 sets forth a legal conclusion to which no response is required.

## FIFTH CLAIM

232.    Defendants repeat and incorporate by reference their responses to the above paragraphs as if fully stated herein.

233.    Paragraph 233 sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

234.    Paragraph 234 sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

235.    Paragraph 235 sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

236.    Paragraph 236 sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

237.    Paragraph 237 sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

238.    Paragraph 238 sets forth a legal conclusion to which no response is required.  To the extent a response is required, denied.

239.    Paragraph 239 sets forth a legal conclusion to which no response is required.

240.    Paragraph 240 sets forth a legal conclusion to which no response is required.

241.    Paragraph 241 sets forth a legal conclusion to which no response is required.

## **REQUESTS FOR RELIEF**

The remainder of the Complaint consists of Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the requested relief.

November 13, 2019

Respectfully submitted,

JESSIE K. LIU
D.C. Bar 472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar 924092
Chief, Civil Division

By:    */s/ Daniel P. Schaefer*
DANIEL P. SCHAEFER
D.C. Bar 996871
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2531
E-mail: Daniel.Schaefer@usdoj.gov

*Counsel for Defendants*