IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE, ALASKA WILDERNESS LEAGUE, DEFENDERS OF WILDLIFE, and THE WILDERNESS SOCIETY,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, U.S. BUREAU OF LAND MANAGEMENT, and U.S. FISH AND WILDLIFE SERVICE,<br><br>*Defendants*. | Civ. A. No. 19-2978 (CJN) |

## JOINT STATUS REPORT

The parties, by and through counsel, submit the following Joint Status Report pursuant to the Court's Order dated March 2, 2020.

### The Status of Plaintiffs' FOIA Requests

This matter involves a total of nine Freedom of Information Act (FOIA) requests that Plaintiffs submitted to three separate offices of the Department of the Interior: (1) four requests to the Alaska State Office of U.S. Bureau of Land Management (BLM); (2) four requests to the Office of the Secretary of the Department of the Interior (OS); and (3) a single request to the Alaska Region of the U.S. Fish and Wildlife Service (FWS).

At this point, Defendants have disclosed some records for all requests except for one BLM request. Plaintiffs expressed concerns about the adequacy of the disclosures on all requests. On April 7, 2020, Plaintiffs sent Defendants a six-page letter detailing all outstanding concerns. The purpose of this letter was to compile all outstanding concerns to date on all issues. Defendants stated they would respond on April 17, 2020. They have yet to do so.

Defendants' Position

Defendants generally assert that extensive "data calls" detract substantially from the bureaus' ability to process records as agreed. Further, Plaintiffs' request that Defendants respond simultaneously to all of Plaintiffs' issues is unrealistic. However, Defendants are working to address Plaintiffs' multiple concerns as soon as practicable.

Plaintiffs' Position

Plaintiffs compiled the April 7, 2020 letter to assist parties' ability to address outstanding issues. Each of the "data calls" had been previously discussed, Plaintiffs' April 7, 2020 letter simply compiled them. The Plaintiffs understand that the "data calls" are intended to save time and resources to ensure that remaining searches are most likely responsive to Plaintiffs requests, and to conserve agency resources by preventing the agency from looking for and reviewing unresponsive documents. Additionally, responding to, and perhaps resolving, Plaintiffs' concerns regarding the review and processing of records at this stage of the case may well avoid the need to later litigation.

Plaintiffs do not demand simultaneous resolution of all issues. Rather, Plaintiffs seek as timely as possible resolution of some issues surrounding the adequacy of agency responses while document production proceeds. Plaintiffs are willing to work with Defendants on the order and timing of resolving the outstanding issues.

The parties continue to work towards the resolution of outstanding issues as described below. The parties will try to resolve the outstanding issues prior to the next status report with the exception of the number of pages per month that the government can produce. Parties' agreement on outstanding issues does not include production of all documents, it merely requires

agreement on the number and timing of outstanding searches that still must be done to identify and locate the documents that are responsive to Plaintiffs' requests.

### *The BLM Requests*

BLM issued a response for the "BLM S.O. 3355 Request" (BLM-2019-00324) on October 15, 2019, and for the "BLM Government Shutdown Request" (BLM-2019-00963) on January 30, 2020. The parties are working together to address Plaintiffs' concerns regarding the sufficiency of BLM's response to BLM S.O. 3355 Request and BLM Government Shutdown Request. Before Plaintiff's April 7, 2020 letter to Defendants, Plaintiffs last substantive email on the BLM S.O. 3355 Request was March 20, 2020 and the last substantive email on the BLM Government Shutdown Request was April 3, 2020. Defendants' have not substantively responded to these communications. The parties will attempt to resolve this dispute without the Court's involvement.

BLM completed the second interim production for the "BLM Draft EIS Deliverable Request" (BLM-2019-00383) on February 28, 2020. BLM failed to complete last month's production, due on March 31, 2020. Plaintiffs raised this issue via email on April 3, 2020. Defendants emailed on April 8, 2020, and informed Plaintiffs that the lead processor had experienced a loss in her family and BLM was adjusting to the challenges of remote work. Plaintiffs responded on April 10, 2020 and requested an estimate of realistic timing for production. Defendants have yet to respond. As the productions proceed, the parties will continue to confer on any open issues concerning the sufficiency of completed productions and attempt to resolve disputes without the Court's involvement.

BLM has completed searches for the two outstanding BLM requests. Defendants estimated a total of 13,284 potentially responsive pages remain for the two requests: 3,884 pages for the BLM Draft EIS Deliverable Request and 9,400 pages for the "BLM Seismic

Communications Request" (BLM-2019-00483) in the January 17, 2020 Joint Status Report. Currently, Defendants have committed to a processing rate of 500 pages per month. The parties do not agree on the processing rate for these remaining requests; their positions are set out below.

### Defendants' Position

The BLM Alaska FOIA office's resources are already overextended as it processes requests for this case, for the related *Defenders of Wildlife v. DOI, et al.*, Civ. A. No. 18-2572 (CJN) (*Defenders*) case, and for dozens of other related requests that are not in litigation. The fastest rate at which BLM Alaska can process potentially responsive records is the current rate of 500 pages per month. However, BLM is willing to work with Plaintiffs to further narrow and/or prioritize material within each request, so that material of most interest to Plaintiffs is provided first, and which will likely shorten the overall time required to process all records of interest. Defendants would prefer to resolve any search parameter issues sequentially, and do not believe this issue should be addressed until issues with the BLM S.O. 3355 Request are resolved. Defendant BLM has advised that BLM anticipates releasing approximately 500 pages of non-exempt, responsive records by April 30. BLM intends to incrementally supplement productions over the next few months to make up for the March production.

### Plaintiffs' Position

Disclosure at a rate of 500 pages per month will take over two years for these requests. Plaintiffs stress that this is too long as the records are relevant to an ongoing administrative proceeding and are sought to increase public understanding and engagement now, and to provide public oversight of BLM's activities related to the implementation of an oil and gas leasing program on the Coastal Plain of the Arctic National Wildlife Refuge.

Defendants have been unable to complete the March disclosure. Plaintiffs have requested that BLM process 1,000 pages by April 30 to keep on schedule. Parties have agreed that Defendants will provide additional search parameters. Once Plaintiffs receive the draft search parameters they will work with Defendants to refine the parameters and facilitate timely disclosure of the highest priority documents.

Plaintiffs believe the parties should address these issues concurrently with any questions about the adequacy of other completed requests. At this point, Plaintiffs continue their current commitment to work collaboratively with Defendants and prefer to work out these issues in this manner.

<u>The Parties' Agreement on Processing the BLM Draft EIS Deliverable Request and the BLM Seismic Communications Request</u>

The parties do not agree on the review and disclosure rate for these requests and whether issues relating to search terms should be resolved sequentially or concurrently. Parties have not made progress on resolving this issue since the March 18, 2020 JSR. The parties agree to work collaboratively over the next month to resolve these issues without Court involvement,

### The OS Requests

The OS issued a final responses for all four OS requests — the "DOI Government Shutdown Request" (OS-2019-00520) on October 15, 2019, the "DOI Porcupine Caribou Herd Request" (OS-2019-0378), on January 14, 2020, the "DOI S.O. 3355 Request" (OS-2019-0314) on February 10, 2020, and the "DOI Seismic Communications Request" (OS-2019-0565) also on February 10, 2020. Plaintiffs have concerns regarding the sufficiency of all OS's responses to the above requests. In response, the OS has committed to conduct supplemental searches for all requests and subsequently produce supplemental responsive records. In the March 18, 2020 JSR the parties committed to work together to complete these searches by March 31, 2020, and

5

agreed to the following approach: "(1) the OS will draft a search and the Plaintiffs will provide feedback, (2) the OS will subsequently execute the search and provide Plaintiffs with volume estimates . . . if further narrowing needs to occur, the parties can apply other parameters to the results. The parties plan to work together to develop a supplemental production schedule and confer on further supplemental search parameters, terms for additional records, and any open issues as Defendants' productions proceed."[1] Defendants did not provide the Plaintiffs with search parameters. Alternatively, on March 31, 2020, instead of providing the search parameters as agreed, the OS released an additional 47 pages related to the DOI S.O. 3355 Request. Plaintiffs maintain that this latest March 31, 2020, release does not address their previous concerns. Parties will now proceed with the search term approach as agreed to in the March 18, 2020 JSR. Defendants commit to provide these terms by April 24, 2020.

### The FWS Request

As detailed in the December 13th Joint Status Report, the parties disagree about the extent to which the Plaintiffs' request to FWS — the "FWS Seismic Communications Request" (FWS-2019-00782) — overlaps with another FWS request at issue in the *Defenders* case also before this Court. The parties have yet to resolve this issue,[2] but are working to narrow this issue. Parties have had numerous email communication regarding this topic and have a telephone call set to resolve a particular issue on the release of datasets on April 22, 2020. Thus, the parties have yet to, but continue to attempt to resolve the matter without Court involvement.

---

[1] JSR at 4–5 (March 18, 2020).
[2] The parties maintain their respective position statements from the December 13, 2019 Joint Status Report.

For the time being, the parties agree to carry out their current agreement outlined in the December 13th Joint Status Report. Plaintiffs received the most recent FWS disclosure from the *Defenders* case on March 31, 2020.

### **The Parties' Joint Proposed Schedule**

The parties request that the Court direct the parties to file another Joint Status Report on or before May 20, 2020, to update the Court on the status of Defendants' productions and any other issues the parties wish to bring to the Court's attention, and to propose a schedule for further proceedings. At this time parties are adjusting to different working conditions due to COVID-19 and commit to communicate about any potential disclosure issues as they arise. A proposed order adopting the terms of this status report is attached.

Dated: April 20, 2020                                              Respectfully submitted,

 */s/ Maresa Jenson*                                               TIMOTHY J. SHEA
Maresa Jenson (AK Bar No. 1805048)         D.C. Bar 437437
Valerie Brown (AK Bar No. 9712099)          United States Attorney
(*pro hac vice*)
TRUSTEES FOR ALASKA                             DANIEL F. VAN HORN
1026 W. Fourth Avenue, Suite 201               D.C. Bar 924092
Anchorage, AK 99501                                    Chief, Civil Division
Phone: (907) 276-4244
mjenson@trustees.org                                   By: */s/ Daniel P. Schaefer*
vbrown@trustees.org                                     DANIEL P. SCHAEFER
                                                                          D.C. Bar 996871
 */s/ David Bahr*                                                Assistant United States Attorney
David Bahr (D.C. Bar No. OR0001)              555 4th Street, N.W.
Bahr Law Offices, P.C.                                    Washington, D.C. 20530
1035 ½ Monroe Street                                    (202) 252-2531
Eugene, OR 97402                                          Daniel.Schaefer@usdoj.gov
(541) 556-6439
davebahr@mindspring.com                         *Counsel for Defendants*

*Counsel for Plaintiffs*