IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GWICH'IN STEERING COMMITTEE, ALASKA WILDERNESS LEAGUE, DEFENDERS OF WILDLIFE, and THE WILDERNESS SOCIETY,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF THE INTERIOR, U.S. BUREAU OF LAND MANAGEMENT, and U.S. FISH AND WILDLIFE SERVICE,

*Defendants*.

Civ. A. No. 19-2978 (CJN)

**JOINT STATUS REPORT**

The parties, by and through counsel, submit the following Joint Status Report pursuant to the Court's Order dated May 5, 2020.

The Status of Plaintiffs' FOIA Requests

This matter involves a total of nine Freedom of Information Act (FOIA) requests that Plaintiffs submitted to three separate offices of the Department of the Interior: (1) four requests to the Alaska State Office of U.S. Bureau of Land Management (BLM); (2) four requests to the Office of the Secretary of the Department of the Interior (OS); and (3) a single request to the Alaska Region of the U.S. Fish and Wildlife Service (FWS).

Plaintiffs filed this case on July 31, 2019, in the U.S. District Court for the District of Alaska and the matter was transferred to the U.S. District Court for the District of Columbia on October 3, 2019. At this point, Defendants have disclosed some records for all requests except for one BLM request. Plaintiffs expressed concerns about the adequacy of all the disclosures. The parties have exchanged numerous emails and calls to work toward the resolution of these

issues. On April 7, 2020, Plaintiffs sent Defendants a seven-page letter detailing all outstanding concerns to date on all issues. The parties met on April 22, 2020 to discuss some of these issues. Based on the April 22, 2020, call the parties are hopeful that they will be able to work through the outstanding issues as detailed in the April 7, 2020 letter.

The parties continue to work towards the resolution of outstanding issues as described below. Although the parties were unable to do so in April they will try to resolve the outstanding issues prior to the next status report. The parties' agreement "to resolve the outstanding issues" means the parties will strive to reach agreement on the number and timing of outstanding searches that still must be done to identify and locate the documents that are responsive to Plaintiffs' requests. The parties recognize it does not include production of all documents. The parties do not agree whether all issues in this litigation should be addressed sequentially. Their positions are laid out below.

Plaintiffs' Position

Outstanding issues for each agency should be addressed simultaneously, not sequentially. Different FOIA officers are responsible for record review for each agency, therefore Plaintiffs believe it is possible to move forward resolving issues related to each agency's searches for records simultaneously. All requests are over a year overdue past FOIA's statutory deadlines and concern an ongoing administrative process related to the Arctic National Wildlife Refuge. Plaintiffs seek the records to inform the public about this process and desire the records in the most expedient manner possible.

Defendants' Position

It is Defendants' position that parties should address the outstanding issues sequentially. DOI will turn to resolving issues with the BLM requests once the OS supplemental searches are executed and the FWS issues have been narrowed.

*The BLM Requests*

BLM issued a response for the "BLM S.O. 3355 Request" (BLM-2019-00324) on October 15, 2019, and for the "BLM Government Shutdown Request" (BLM-2019-00963) on January 30, 2020. The parties are working together to address Plaintiffs' concerns regarding the sufficiency of BLM's response to these two requests. Plaintiffs last substantive email on the BLM S.O. 3355 Request was March 20, 2020. Plaintiffs last substantive email on the BLM Government Shutdown Request was April 3, 2020. Both of these pending issues are repeated in Plaintiff's April 7, 2020 letter to Defendants consolidating outstanding issues. Defendants' have not yet substantively responded to these communications. The parties will continue to work to resolve this dispute without the Court's involvement.

BLM completed the third interim production for the "BLM Draft EIS Deliverable Request" (BLM-2019-00383) on April 29, 2020 and released 1,056 pages of records. These records were all previous drafts and attachments to the Coastal Plain Environmental Impact Statement (EIS). As the productions proceed, the parties will continue to confer on any open issues concerning the sufficiency and timing of completed productions and attempt to resolve disputes without the Court's involvement.

BLM has also completed searches for the fourth BLM request, BLM Seismic Communications Request" (BLM-2019-00483). Defendants' January 17, 2020, estimate, minus pages processed since then, leaves 12,228 pages yet to be processed: 2,828 pages for the Draft EIS Deliverable request and 9,400 pages for the Seismic Communications request. Currently,

Defendants have committed to a processing rate of 500 pages per month. The parties do not agree on the processing rate for these remaining requests; their positions are set out below.

Defendants' Position

The BLM Alaska FOIA office's resources are already overextended as it processes requests for this case, for the related *Defenders of Wildlife v. DOI, et al.*, Civ. A. No. 18-2572 (CJN) (*Defenders*) case, and for dozens of other related requests that are not in litigation. The fastest rate at which BLM Alaska can process potentially responsive records is the current rate of 500 pages per month. However, BLM is willing to work with Plaintiffs to further narrow and/or prioritize material within each request, so that material of most interest to Plaintiffs is provided first, and which will likely shorten the overall time required to process all records of interest. Defendants would prefer to resolve any search parameter issues sequentially, and do not believe this issue should be addressed until issues with the BLM S.O. 3355 Request are resolved. Defendant BLM has advised that BLM anticipates releasing approximately 500 pages of non-exempt, responsive records by June 1, 2020. BLM intends to incrementally supplement productions over the next few months to make up for the March production.

BLM does not agree that draft EIS records should not be counted against the 500 pages record review. Processing has already been underway for several weeks, and BLM cannot change course with five workdays remaining in the month. BLM also cannot agree to release draft records without those records undergoing review.

Plaintiffs' Position

Disclosure at a rate of 500 pages per month will take over two years for these requests. Plaintiffs stress that this is too long as the records are relevant to an ongoing administrative proceeding and are sought to increase public understanding and engagement now, and to provide

public oversight of BLM's activities related to the implementation of an oil and gas leasing program on the Coastal Plain of the Arctic National Wildlife Refuge.

The parties will work together to prioritize the order in which records are disclosed for the BLM Seismic Communications Request. Defendants will provide a list of the different searches and search parameters with the approximate volumes of records responsive to each. Once Plaintiffs receive the volume estimates of Defendants' searches they will work with Defendants facilitate timely disclosure of the highest priority documents.

Plaintiffs anticipate the 2,828 remaining pages of the BLM Draft EIS Deliverable Request will be primarily drafts and deliverable documents for the Coastal Plain Leasing EIS. Plaintiffs believe that drafts of the Environmental Impact Statement should not count against the 500 pages the Defendants review per month because these drafts are mostly repetitive and therefore labor to review a draft EIS vs. emails or other records is not equivalent and should not be treated as such here. Plaintiffs believe the agency should disclose the entirety of these draft EIS records at this time. If the agency is unable to provide all draft EIS documents at once we request that the agency, at minimum, process 1,400 pages by the end of the May and the rest by the end of June.

Plaintiffs believe the parties should address these issues concurrently with any questions about the adequacy of other completed requests. At this point, Plaintiffs continue their current commitment to work collaboratively with Defendants and prefer to work out these issues in this manner.

<u>The Parties' Agreement on Processing the BLM Draft EIS Deliverable Request and the BLM Seismic Communications Request</u>

The parties do not agree on the review and disclosure rate for these requests and whether issues relating to search terms should be resolved sequentially or concurrently. The parties have

not made progress on resolving this issue since the March 18, 2020 JSR. The parties agree to work collaboratively over the next month to resolve these issues without Court involvement.

*The OS Requests*

The OS issued a final responses for all four OS requests — the "DOI Government Shutdown Request" (OS-2019-00520) on October 15, 2019, the "DOI Porcupine Caribou Herd Request" (OS-2019-0378), on January 14, 2020, the "DOI S.O. 3355 Request" (OS-2019-0314) on February 10, 2020, and the "DOI Seismic Communications Request" (OS-2019-0565) also on February 10, 2020. Plaintiffs have concerns regarding the sufficiency of all OS's responses to the above requests. In response, the OS has committed to conduct supplemental searches for all requests and subsequently produce supplemental responsive records. In the March 18, 2020 JSR the parties committed to work together to complete these searches by March 31, 2020, and agreed to the following approach: "(1) the OS will draft a search and the Plaintiffs will provide feedback, (2) the OS will subsequently execute the search and provide Plaintiffs with volume estimates . . . if further narrowing needs to occur, the parties can apply other parameters to the results."[1] The parties are working together to carry out this plan. The parties have conferred and agreed on supplemental search terms for the OS requests. Defendants commit to providing estimates of potentially responsive pages by May 29, 2020.

*The FWS Request*

As detailed in the December 13th Joint Status Report, the parties disagree about the extent to which the Plaintiffs' request to FWS — the "FWS Seismic Communications Request" (FWS-2019-00782) — overlaps with another FWS request at issue in the *Defenders* case also before

[1] March JSR at 4–5 (Mar. 18, 2020).

this Court. The parties have yet to resolve this issue,[2] but are working to narrow this issue. Parties have had numerous email communication regarding this topic and had a telephone call to resolve a particular issue on the release of datasets on April 22, 2020. During this call Defendants' committed to provide search terms and other information on datasets. On May 15, 2020, Defendants updated Plaintiffs on timing stating that they anticipated sending responses by May 15, 2020. Defendants' have not yet responded with this information, and have advised they are awaiting responses from several subject matter experts before responding to Plaintiffs. The parties will continue to attempt to resolve the matter without Court involvement.

For the time being, the parties agree to carry out their current agreement outlined in the December 13th Joint Status Report. Plaintiffs received the most recent FWS disclosure from the *Defenders* case on April 30, 2020.

The Parties' Joint Proposed Schedule

The parties request that the Court direct the parties to file another Joint Status Report on or before June 24, 2020, to update the Court on the status of Defendants' productions and any other issues the parties wish to bring to the Court's attention, and to propose a schedule for further proceedings.

//

//

//

[2] The parties maintain their respective position statements from the December 13, 2019 Joint Status Report.

At this time parties are adjusting to different working conditions due to COVID-19 and commit to communicate about any potential disclosure issues as they arise. A proposed order adopting the terms of this status report is attached.

Dated: May 20, 2020

*/s/ Maresa Jenson*

Maresa Jenson (AK Bar No. 1805048)
Valerie Brown (AK Bar No. 9712099)
(*pro hac vice*)
TRUSTEES FOR ALASKA
1026 W. Fourth Avenue, Suite 201
Anchorage, AK 99501
Phone: (907) 276-4244
mjenson@trustees.org
vbrown@trustees.org

*/s/ David Bahr*

David Bahr (D.C. Bar No. OR0001)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
(541) 556-6439
davebahr@mindspring.com

*Counsel for Plaintiffs*

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar 924092
Chief, Civil Division

By: */s/ Daniel P. Schaefer*

DANIEL P. SCHAEFER
D.C. Bar 996871
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Daniel.Schaefer@usdoj.gov

*Counsel for Defendants*