IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GWICH'IN STEERING COMMITTEE, ALASKA WILDERNESS LEAGUE, DEFENDERS OF WILDLIFE, and THE WILDERNESS SOCIETY,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF THE INTERIOR, U.S. BUREAU OF LAND MANAGEMENT, and U.S. FISH AND WILDLIFE SERVICE,

*Defendants*.

Civ. A. No. 19-2978 (CJN)

**JOINT STATUS REPORT AND ORDER**

The parties, by and through counsel, submit the following Joint Status Report pursuant to the Court's Order dated October 1, 2020.

**The Status of Plaintiffs' FOIA Requests**

This matter involves a total of nine Freedom of Information Act (FOIA) requests that Plaintiffs submitted to three separate offices of the Department of the Interior: (1) four requests to the Alaska State Office of U.S. Bureau of Land Management (BLM); (2) four requests to the Office of the Secretary of the Department of the Interior (OS); and (3) a single request to the Alaska Region of the U.S. Fish and Wildlife Service (FWS).

Plaintiffs filed this case on July 31, 2019, in the U.S. District Court for the District of Alaska and the matter was transferred to the U.S. District Court for the District of Columbia on October 3, 2019. To date, Defendants have disclosed some records for all requests. Plaintiffs raised concerns about the adequacy of all disclosures. In response, Defendants have subsequently performed some supplemental searches and identified additional responsive records.

The parties will continue their good-faith efforts to resolve the outstanding issues prior to the next status report. The parties' agreement "to resolve the outstanding issues" means the parties will strive to reach agreement on the number and timing of outstanding searches that still must be done to identify and locate the documents that are responsive to Plaintiffs' requests.

***The BLM Requests***

BLM issued a response for the "BLM S.O. 3355 Request" (BLM-2019-00324) on October 15, 2019, for the "BLM Government Shutdown Request" (BLM-2019-00963) on January 30, 2020, and for the "BLM Draft EIS Deliverable Request" (BLM-2019-00383) on August 31, 2020. The parties are working together to address Plaintiffs' concerns regarding the sufficiency of BLM's response to these requests. Defendants drafted a supplemental search for the "BLM S.O. 3355 Request" (BLM-2019-00324) and conferred with Plaintiffs on the search terms. The parties will continue to confer on any open issues concerning the sufficiency of completed productions and work to resolve disputes without the Court's direct involvement.

BLM has also completed searches for the fourth BLM request, "BLM Seismic Communications Request" (BLM-2019-00483). Defendants' January estimate, minus pages processed since then, leaves approximately 7,500 pages yet to be processed for the BLM Seismic Communications Request. BLM released its first disclosure for this request (ninth disclosure overall) on September 30, 2020, of 529 pages.

Plaintiffs received notice in August that Defendants' intend to treat the BLM Seismic Communications Request as overlapping with the disclosures in the *Defenders* case. The Plaintiffs are considering this approach and the parties agree to work collaboratively over the next month to resolve this issue without direct Court involvement.

The parties do not agree on the review and disclosure rate for these requests. Currently, Defendants have committed to a processing rate of 500 pages per month. At the committed processing rate, production will be not be completed until sometime in 2022, not including any records identified from supplemental searches. The parties' positions regarding the processing rate are set out below.

Defendants' Position

The BLM Alaska FOIA office's resources are already overextended as it processes requests for this case for the related *Defenders of Wildlife v. DOI, et al.*, Civ. A. No. 18-2572 (CJN) (*Defenders*) case and for dozens of other related requests that are not in litigation. The fastest rate at which BLM Alaska can process potentially responsive records is the current rate of 500 pages per month. However, BLM is willing to work with Plaintiffs to further narrow and/or prioritize material within each request, so that material of most interest to Plaintiffs is provided first, and which will likely shorten the overall time required to process all records of interest. Defendants would prefer to resolve any search parameter issues sequentially, and do not believe this issue should be addressed until issues with the BLM S.O. 3355 Request are resolved.

Plaintiffs' Position

Review and possible disclosure at a rate of 500 pages per month will take over one year and three months from today to process the responsive records identified by BLM. Plaintiffs stress that this is too long as the records are implicated by an ongoing administrative proceeding and are sought to increase public understanding and engagement now and to provide public oversight of BLM's activities related to the implementation of an oil and gas leasing program on the Coastal Plain of the Arctic National Wildlife Refuge. Additionally, BLM was previously reviewing documents at a rate of 500 pages per month in both this case and the *Defenders* litigation for

separate request, *i.e.*, 1000 pages total between the two cases. BLM is now processing the same documents related to seismic communications in both cases, *i.e.*, 500 pages total between the two cases. The Agency, therefore, has a demonstrated capacity to review up to 1,000 pages per month now that it is processing the same documents for both cases. Therefore, a higher disclosure rate is necessary and possible. *See, e.g.*, *Wildearth Guardians v. BLM*, 18-cv-890, Joint Status Report at 2–3 (Sept. 5, 2018) (explaining the agency processed 8,360 pages within three months); *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D. D.C. 2014) (imposing a processing rate of 5,000 pages per month). This accords with Plaintiffs' Position, *infra*, regarding disclosure rate for OS Requests (explaining the problems with a protracted disclosure rate and identifying cases where higher disclosure rates occur).

***The OS Requests***

The OS issued final responses for all four OS requests — the "DOI Government Shutdown Request" (OS-2019-00520) on October 15, 2019, the "DOI Porcupine Caribou Herd Request" (OS-2019-0378), on January 14, 2020, the "DOI S.O. 3355 Request" (OS-2019-0314) on February 10, 2020, and the "DOI Seismic Communications Request" (OS-2019-0565) also on February 10, 2020. Plaintiffs have concerns regarding the sufficiency of all OS's responses to the above requests.

In response to Plaintiffs' concerns, the parties negotiated and agreed upon search terms to be used in supplemental electronic email searches for the four OS requests. OS sent Plaintiffs the supplemental search results for all requests. OS's supplemental search located 149,021 potentially responsive pages for three of the requests and none for the DOI Seismic Communications Request. The parties agreed to initially narrow the supplemental search results, which still produced an estimated 131,504 pages of potentially responsive records. Plaintiffs also proposed a priority order and streamlining approach. Defendants applied the narrowing criteria beginning

with the August release. OS released their fifth disclosure on October 28, 2020. To date, OS has determined that all but 77 pages (of which 51 were referred to BLM for release) were non-responsive and have released 18 pages. Defendants reported that approximately 180 pages remain to be processed for the DOI S.O. 3355 Request and they anticipate completing production by the end of November 2020. Plaintiffs and Defendants are conferring to refine and adjust the supplemental search results for the remaining requests.

OS FOIA office is currently processing records at a rate of a minimum of 500 pages per month. The parties do not agree on the appropriate rate of record review moving forward, their positions are laid out below. The parties will continue to work together to resolve this dispute without the Court's involvement.

Plaintiffs' Position

In June and July, Plaintiffs asked Defendants for a higher processing rate of 2,000 pages of records for review per month given the considerable volume of newly identified records. Defendants have agreed to higher review rates in other matters in this circuit. *See e.g. Allen v. Dep't of the Interior*, No. 17-cv-2656 (D. D.C. 2017) (commitment to process 1,000 pages per month); *Ctr. for Biological Diversity v. Dep't of the Interior*, No. 17-cv-1595 (D. D.C. 2017) (DOI processing at a rate of approximately 1,500 pages every 30 days). Even if the Plaintiffs were to accept all Defendants' suggested narrowing criteria it will take over 17 years to disclose the records at a rate of 500 pages per month. Even at a rate of 2,000 pages per month, it will still take over six years to complete this record disclosure. Plaintiffs understand that Defendants have agreed to higher rates in other cases and believe, given the volume of the record and current review rate, a higher processing rate of 2,000 pages or more per month is necessary to receive these records in a reasonable and relevant timeframe.

While Plaintiffs continue to work with Defendants to narrow these issues, a higher disclosure rate is necessary to ensure disclosure in a reasonable time given the considerable volume of records identified as responsive. Plaintiffs reiterate that they requested these records to inform the public on the currently ongoing administrative process related to oil and gas development in the Arctic National Wildlife Refuge and seek to receive them in a reasonable and relevant timeframe. Plaintiffs believe that this delay in proper searching and identification of responsive records and prolonged disclosure as further frustrating their ability to disseminate this information during this timeframe. The Secretary issued a Record of Decision for the oil and gas leasing program on August 14, 2020, and these records are relevant to better understand the progression and timing of this process. All requests at issue are a year overdue past FOIA's statutory deadlines.

Defendants' Position

The OS FOIA office does not have sufficient resources available to accommodate Plaintiffs' request to increase the processing rate to 2,000 pages. The OS FOIA Office can continue to process potentially responsive records at the current rate of 500 pages per month and remains willing to confer with Plaintiffs to further narrow the request and/or prioritize the requested material to expedite the remainder of the review. OS FOIA processes records on a first-in, first-out basis and has dozens of pending FOIA cases. OS FOIA processes approximately 500 pages per month for every case, with very few exceptions. Plaintiffs are not entitled to receive records faster than any other requester or plaintiff.

***The FWS Request***

As detailed in the December 13, 2019 Joint Status Report, Plaintiffs receive the same releases for the "FWS Seismic Communications Request" (FWS-2019-00782) in the *Defenders*

case also before this Court.[1] Plaintiffs received the most recent FWS disclosure from the *Defenders* case on October 13, 2020.

The Parties' Joint Proposed Schedule

The parties request that the Court direct the parties to file another Joint Status Report on or before December 4, 2020, to update the Court on the status of Defendants' productions and any other issues the parties wish to bring to the Court's attention, and to propose a schedule for further proceedings.

*/s/ Brook Brisson*
Brook Brisson (AK Bar No. 0905013)
(*pro hac vice*)
TRUSTEES FOR ALASKA
1026 W. Fourth Avenue, Suite 201
Anchorage, AK 99501
Phone: (907) 276-4244
bbrisson@trustees.org

*/s/ David Bahr (consent)*
David Bahr (D.C. Bar No. OR0001)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
(541) 556-6439
davebahr@mindspring.com

*Counsel for Plaintiffs*

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar 924092
Chief, Civil Division

By: */s/ Kathleene Molen (consent)*
KATHLEENE MOLEN

Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 803-1572
Kathleene.Molen@usdoj.gov

*Counsel for Defendants*

---

**SO ORDERED.**

Date

CARL J. NICHOLS

[1] *See* Civ. A. No. 18-2572 (CJN).