IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE, ALASKA WILDERNESS LEAGUE, DEFENDERS OF WILDLIFE, and THE WILDERNESS SOCIETY,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, U.S. BUREAU OF LAND MANAGEMENT, and U.S. FISH AND WILDLIFE SERVICE,<br><br>*Defendants*. | Civ. A. No. 19-2978 (CJN) |

**JOINT STATUS REPORT AND ORDER**

The parties, by and through counsel, submit the following Joint Status Report pursuant to the Court's June 23rd Minute Order.

**The Status of Plaintiffs' FOIA Requests**

This matter involves a total of nine Freedom of Information Act (FOIA) requests that Plaintiffs submitted to three separate offices of the Department of the Interior: (1) four requests to the Alaska State Office of U.S. Bureau of Land Management (BLM); (2) four requests to the Office of the Secretary of the Department of the Interior (OS); and (3) a single request to the Alaska Region of the U.S. Fish and Wildlife Service (FWS).

Plaintiffs filed this case on July 31, 2019, in the U.S. District Court for the District of Alaska and the matter was transferred to the U.S. District Court for the District of Columbia on October 3, 2019. To date, Defendants have disclosed some records for all requests. Plaintiffs raised concerns about the adequacy of all disclosures. In response, Defendants have subsequently performed some supplemental searches and identified additional responsive records.

The parties will continue their good-faith efforts to resolve the outstanding issues prior to the next status report. The parties' agreement "to resolve the outstanding issues" means the parties will strive to reach agreement on the number and timing of outstanding searches that still must be done to identify and locate the documents that are responsive to Plaintiffs' requests.

### The BLM Requests

BLM issued a response for the "BLM S.O. 3355 Request" (BLM-2019-00324) on October 15, 2019, for the "BLM Government Shutdown Request" (BLM-2019-00963) on January 30, 2020, and for the "BLM Draft EIS Deliverable Request" (BLM-2019-00383) on August 31, 2020. The parties are working together to address Plaintiffs' concerns regarding the sufficiency of BLM's response to these requests. Defendants drafted a supplemental search for the "BLM S.O. 3355 Request" (BLM-2019-00324) and conferred with Plaintiffs on the search terms. The parties will continue to confer on any open issues concerning the sufficiency of completed productions and work to resolve disputes without the Court's direct involvement.

BLM has also completed searches for the fourth BLM request, "BLM Seismic Communications Request" (BLM-2019-00483). Plaintiffs receive the same disclosures for this request as in the *Defenders* case also before this Court. BLM processed a disclosure for this request (seventeenth disclosure overall) on May 28, 2021. Defendants report that there are 3,704 pages of unreviewed documents remaining (826 pages of local documents and 2,878 pages of email attachments).

The parties are currently working to resolve issues regarding the withholding of entire documents responsive to this request under the deliberative process privilege (DPP). BLM withheld documents totaling 3,447 pages from batches 11, 12, 13, 14, and 15 under this privilege. Plaintiffs first raised this concern in December 2020. BLM has reviewed the pages previously withheld under DPP for batches 11 and 12 and released the pages previously withheld under the

DPP to Plaintiffs. BLM is re-reviewing the records withheld from batches 13 and 15, and will re-review the records withheld from batch 14 and provide an update once the reviews are complete.

### Plaintiffs' Position

Plaintiffs do not believe there is a valid basis to withhold these records as DPP. Plaintiffs contend that resolving this issue — either by agreement between the parties or by judicial review — as soon as possible before additional records are reviewed and processed applying a flawed interpretation of the DPP will provide the most efficacious path to concluding this litigation. Counsel conferred on March 29th and Defendants agreed to provide the substantive legal justification for withholding these records in writing. As previously reported to the Court, [dkt. # 49 at 3], for almost three months Plaintiffs' counsel has sought a substantive explanation for these withholdings multiple times. To date, Defendants have not done so despite Plaintiffs' emailed requests to do so on April 1st and 8th.as well as Plaintiff's assertions in subsequent Joint Status Reports. See, e.g., Dkt. ## 49 at 3, 50 at 3. Plaintiffs understand that BLM is now re-reviewing all previously-withheld documents. Accordingly, to the extent that Defendants continue to assert DPP for documents produced in the supplemental releases, Plaintiffs need Defendants to immediately provide the written explanation for these DPP withholdings, as promised during the parties' conference call on March 29, 2021 and repeatedly requested in subsequent communications.

### Defendants' Position

BLM has reviewed these past productions and intends to provide supplemental releases with respect to the information that was previously withheld in full pursuant to the deliberative process privilege. BLM notes that these records do contain exempt information that will be marked and withheld accordingly.

The parties do not agree on the review and disclosure rate for these requests. Currently, Defendants have committed to a processing rate of 500 pages per month. At the committed processing rate, production will be not be completed until late 2021, not including any records identified from supplemental searches. The parties' maintain their positions of disagreement regarding the processing rate as set out most recently in the May 28, 2021 Joint Status Report. [Dkt. # 50].

### The OS Requests

The OS issued final responses for all four OS requests — the "DOI Government Shutdown Request" (OS-2019-00520) on October 15, 2019, the "DOI Porcupine Caribou Herd Request" (OS-2019-0378), on January 14, 2020, the "DOI S.O. 3355 Request" (OS-2019-0314) on February 10, 2020, and the "DOI Seismic Communications Request" (OS-2019-0565) also on February 10, 2020. Plaintiffs have concerns regarding the sufficiency of all OS's responses to the above requests.

In response to Plaintiffs' concerns, the parties negotiated and agreed upon search terms to be used in supplemental electronic email searches for the four OS requests. OS sent Plaintiffs the supplemental search results for all requests. OS's supplemental search located 149,021 potentially responsive pages for three of the requests and none for the DOI Seismic Communications Request. Plaintiffs proposed a priority order and streamlining approach. Defendants applied the narrowing criteria beginning with the August release. OS FOIA has completed its processing of records potentially responsive to the supplemental search for the "DOI S.O. 3355 Request" (OS-2019-0314), apart from records referred to other bureaus/agencies.

The parties agreed to initially narrow the supplemental search results for the two remaining requests, "DOI Government Shutdown Request" (OS-2019-00520) and "DOI Porcupine Caribou Herd Request" (OS-2019-0378), for which OS FOIA estimates approximately 117,489 total

pages of potentially responsive records remain to be processed. Approximately 5,616 pages of parent email remain to be processed for the two remaining requests. Because the results were yielding a number of non-responsive documents, Plaintiffs and Defendants conferred and further adjusted the supplemental search terms to try to eliminate non-responsive records from search results. Applying these terms yields approximately 2,705 pages of potentially responsive parent emails, with 4,274 pages of potentially responsive materials overall. Defendants applied these results to its March release. OS released their most recent disclosure on June 21, 2021. To date, OS has determined that all but 381 pages (of which 91 were referred to other agencies) were non-responsive and have released 252 pages.

OS FOIA office is currently processing records at a rate of a minimum of 500 pages per month. The parties do not agree on the appropriate rate of record review moving forward, their positions are laid out below. The parties will continue to work together to resolve this dispute without the Court's involvement. The parties maintain their positions of disagreement regarding the processing rate as set out most recently in the May 28, 2021 Joint Status Report. [Dkt. # 50].

### The FWS Request

As detailed in the December 13, 2019 Joint Status Report, Plaintiffs receive the same releases for the "FWS Seismic Communications Request" (FWS-2019-00782) in the *Defenders* case also before this Court.[1] Plaintiffs received the most recent FWS disclosure from the *Defenders* case on May 26, 2021.

### The Parties' Joint Proposed Schedule

The parties request that the Court direct the parties to file another Joint Status Report on or before July 30, 2021, to update the Court on the status of Defendants' productions and any

---

[1] *See* Civ. A. No. 18-2572 (CJN).

other issues the parties wish to bring to the Court's attention, and to propose a schedule for further proceedings.

Respectfully submitted June 30, 2021,

| | |
|---|---|
| s/ Brook Brisson | CHANNING D. PHILLIPS |
| Brook Brisson (AK Bar No. 0905013) | D.C. Bar #415793 |
| (*pro hac vice*) | Acting United States Attorney |
| TRUSTEES FOR ALASKA | |
| 1026 W. Fourth Avenue, Suite 201 | BRIAN P. HUDAK |
| Anchorage, AK 99501 | Acting Chief, Civil Division |
| Phone: (907) 276-4244 | |
| bbrisson@trustees.org | |
| | By: Kathleene Molen |
| s/ David Bahr | KATHLEENE MOLEN |
| David Bahr (D.C. Bar No. OR0001) | |
| Bahr Law Offices, P.C. | Assistant United States Attorney |
| 1035 ½ Monroe Street | 555 4th Street, N.W. |
| Eugene, OR 97402 | Washington, D.C. 20530 |
| (541) 556-6439 | (202) 803-1572 |
| davebahr@mindspring.com | Kathleene.Molen@usdoj.gov |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

**SO ORDERED.**

_____                                       _____
Date                                                                    CARL J. NICHOLS
                                                                                United States District Judge